IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert Bruce McCoy, | ) | C/A No. 0:16-486-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Probate Judge Carolyn W. Rogers; York County, S.C.; Lancaster County, S.C., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Robert Bruce McCoy, proceeding *pro se*, brings this action alleging the probate hearing regarding his mother's estate was unfair. (ECF No. 1 at 3-5.) The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

### I.     Factual and Procedural Background

Plaintiff alleges he was denied a fair trial in the probate hearing for the distribution of his mother's estate. (ECF No. 1 at 4-5.) Plaintiff claims Defendant Judge Carolyn W. Rogers ("Judge Rogers") made Plaintiff sell land to Roger Jellenick, his attorney, because the estate ran out of money. (Id. at 5.) Plaintiff requests the land be returned to him. (Id.) Plaintiff also alleges his mother was supposed to leave him a house in Lancaster upon her passing, but she left it to his brother James instead. (ECF No. 1-1 at 10-11.) Plaintiff claims he had an insurance policy on the house, but when the house was destroyed by a fire, the insurance benefits were paid to the estate and not to him. (Id. at 16.) Plaintiff further claims he was supposed to be paid $3,500 for a truck but he

never received the payment. (Id. at 26.) Plaintiff further claims he was not provided fair notice of the probate hearing because he was served via mail only twenty days before the hearing. (Id. at 13.) Finally, Plaintiff claims Defendants York County and Lancaster County are responsible for Judge Rogers's actions. (Id. at 4.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to



include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

#### 1.     Claims Against Judge Rogers

Plaintiff claims the probate hearing before Judge Rogers concerning the distribution of his mother's estate was unfair. (ECF No. 1 at 4-5.) Though Plaintiff fails to state with any specificity what actions by Judge Rogers caused the hearing to be unfair, the court construes his allegations as a claim that Judge Rogers denied Plaintiff due process under the Fourteenth Amendment. Therefore, in light of this court's duty to liberally construe Plaintiff's *pro se* Complaint, the court construes the Complaint as stating a civil rights cause of action under 42 U.S.C. § 1983. However, to the extent Plaintiff seeks to raise a § 1983 claim against Judge Rogers, such a claim would fail because Judge Rogers is entitled to absolute judicial immunity.

It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Judges are also protected from claims for injunctive relief as § 309(c) of the Federal Courts Improvement Act, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Donato Malave v. Abrams, 547 F. App'x 346, 347 (2013) (affirming district court's holding that state court judges were immune from claims for injunctive relief under § 1983



where plaintiff did not show the violation of a declaratory decree or the unavailability of declaratory relief). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, Plaintiff's claims against Judge Rogers are subject to summary dismissal.

## 2. Claims Against York County and Lancaster County

Plaintiff alleges Defendants York County and Lancaster County are responsible for Judge Rogers's actions. (ECF No. 1 at 4.) However, to the extent Plaintiff seeks to raise a § 1983 claim against Judge Rogers and hold the defendant counties liable for Judge Rogers's actions, such a claim would fail.

In Monell v. Department of Social Services, 436 U.S. 658 (1978), the United States Supreme Court held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of [municipal] employees are taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694); see also Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince George's Cty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. Moreover, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their



employees simply because of the employment relationship." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94).

Even assuming Plaintiff could show Judge Rogers violated Plaintiff's constitutional rights, the defendant counties may not be held liable under § 1983 solely because of their employer-employee relationship with the judge. See Bd. of Cty. Comm'rs, 520 U.S. at 397. Further, Plaintiff failed to allege that Judge Rogers's allegedly wrongful actions were taken in furtherance of a policy of custom of the defendant counties. See Milligan, 743 F.2d at 229. Therefore, Plaintiff's claim against the defendant counties is subject to summary dismissal.

### 3.    Relief Sought

Plaintiff asks the court to provide him with a fair trial and have returned to him the land he alleges Judge Rogers required him to sell to his attorney, Roger Jellenick. However, even if Plaintiff had named a defendant from which relief could be properly sought, the court finds it is without jurisdiction to provide Plaintiff with the relief he seeks.

The Rooker-Feldman[1] doctrine prevents a lower court from exercising jurisdiction over a case brought by a "state court loser" challenging a state court judgment rendered before the district court proceedings commenced. Lance v. Dennis, 546 U.S. 459, 460 (2006); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. Lance, 546 U.S. at 463; Exxon, 544 U.S. at 283; see also 28 U.S.C. § 1257.

---

[1] The name originates from two United States Supreme Court cases: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).



To the extent Plaintiff asks this court to review the judgment rendered in the state probate court proceeding regarding his mother's estate, such relief is barred by the Rooker-Feldman doctrine. See Lance, 546 U.S. at 460. Moreover, to the extent Plaintiff's case is construed as a separate § 1983 action, such a construction does not preclude the application of the Rooker-Feldman doctrine. See Johnson v. Orr, 551 F.3d 564, 568 (7th Cir. 2008) ("[A] litigant may not attempt to circumvent the effect of Rooker-Feldman and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action.") (quoting Holt v. Lake Cty. Bd. of Comm'rs, 408 F.3d 335, 336 (7th Cir. 2005)); Prince v. Ark. Bd. Exam'rs in Psychology, 380 F.3d 337, 340 (8th Cir. 2004) (holding that a litigant who lost his case in state court cannot recast his claim as a § 1983 action but rather must follow the appellate procedure through the state courts and seek review before the United States Supreme Court).

**III.  Conclusion**

Accordingly, the court recommends the Complaint be summarily dismissed without prejudice and without issuance and service of process.

April 19, 2016  
Columbia, South Carolina

*[signature: Paige J. Gossett]*  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).