IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Bruce McCoy, ) | |
| ) | C/A No. 0:16-486-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Probate Judge Carolyn W. Rogers; ) | |
| York County, S.C.; Lancaster County, ) | |
| S.C., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Robert Bruce McCoy, proceeding pro se and in forma pauperis, filed a complaint on February 18, 2016, alleging that he was treated unfairly with respect to the distribution of his mother's estate. Plaintiff contends that Defendant Probate Judge Carolyn W. Rogers denied him a fair and impartial trial, and that Defendants York County, South Carolina, and Lancaster County, South Carolina, are responsible for Defendant Rogers' actions. Plaintiff seeks a new trial; the return of land he was required to sell to pay for attorney's fees, and the return of monies owed to him by the estate and family members.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915 and construed Plaintiff's complaint as raising a claim that he was denied due process, in violation of his rights under the Fourteenth Amendment. The Magistrate Judge determined that (1) Defendant Rogers is entitled to absolute immunity; (2) Defendants York County and Lancaster County are not liable under respondeat superior principles

for Defendant Rogers' allegedly unconstitutional conduct; and (3) the Rooker-Feldman[1] doctrine bars the court from reviewing the judgment rendered by the state probate court. Accordingly, the Magistrate Judge recommended that the action be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the recommendation of the Magistrate Judge. The within action is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
May 11, 2016

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).